UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THERESA A. SMITH                                         CIVIL ACTION NO.11-64

v.

                                                           JUDGE:    BARBIER
PATRICK R DONAHOE                                        Magistrate Judge: Chasez

## OPPOSITION

After a *thorough* West Law search, plaintiff has determined that the parties' approach in this motion to timeliness issues has not been addressed before. It is *res novo* and does not seem to have been ruled on either way. However, that fact should not be given too much importance because it is significant to note that neither the EEO intake process nor the Final Agency Decision[1] raised timeliness issues and defendant's own publication contradicts mover's argument. (*See*, n. 7.)

Under the two related CFR regulations,[2] time limitations in which to initiate the EEO process, here 45 days, begin to run from a *discrete* discriminatory act (race, gender harassment) *without* any intermediate procedural requirements. However, the agency may extend the 45-day period "...for other reasons considered sufficient by the agency..." 29 CFR 1614.105(a)(2).

In a disability/failure to accommodate case, there is the intermediate

---

[1]     Ex 1, pp. 1, 5-6.

[2]     29 CFR 1614.105(a)(1) and 1613.214.

requirement for the plaintiff/employee to participate in the "interactive process." When the plaintiff is found to have failed to engage in an interactive process, the plaintiff loses.[3]  This mandatory process is considered by the agency's own publication to be a sufficient reason to extend the 45-day period.

To put it another way, before the plaintiff must begin to exhaust the EEOC process by contacting an informal counselor, she must have engaged in the required interactive process unique to disability/accommodation claims.  The EEO process is delayed until that is completed. Otherwise, in order to make timely initial contact, she might have to skip the interactive process altogether, or if the delay in instituting (and completing) that process were less than 45 days, find herself with a greatly shortened time in which to initiate EEO contact.

The investigative record shows that she was notified by letter dated January 29, 2010 [4] of a (District) Regional Accommodations Committee (DRAC) meeting on February 17, 2010 and it offered her an accommodation by letter of February 22.[5] She was out on continuous sick leave from March 15 through May 5, 2010.[6]  During

---

[3] *Beck v University of Wisconsin Bd. of Regents,* 75 F3d 1130 (7th Cir 1996).  The Final Agency Decision states that the "process also requires a dialogue with the individual about possible accommodations and their reasonableness. Ex 1. p. 6.

[4] Ex 2., Report of Investigation (ROI), pp. 00006, 00158

[5] Ex 3. ROI, p. 00141

[6] Ex 4, ROI, p. 00018.

that time, she made timely contact with her EEO counselor on April 1, comfortably within 45 days of the conclusion of the interactive process.

Finally, the USPS publication advising employees what happens if their request for accommodation is denied states:

> [Y]ou will be advised of your ability to participate in any informal dispute resolution process, your right to file an EEO complaint....[7]

By this admission, defendant should be estopped from arguing that plaintiff has timely failed to exhaust her EEO remedies. Defendant itself contemplates dialogue first, then the EEO process. In effect, it has extended the 45-day period. 29 CFR 1614.105(a)(2).

## Conclusion

The motion should be denied.

Respectfully submitted,
/s/ J Courtney Wilson
1510 Veterans Blvd
Metairie, La 70005
(T)504/832-0585 ( c) 782-8432
(F)504/846-2400
(em) cwilson@courtlaw.net
(Fax preferred)

Certificate
    I certify that I have this date filed the above via ECF which automatically serves opposing counsel.
7/26/11                                    /s/ J Courtney Wilson

---

[7]    Ex 5, "Reasonable Accommodation..Guide for Employees...," ROI, pp. 00241-6.