UNITED STATES  DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THERESA A. SMITH | * | CIVIL ACTION |
| v. | * | NUMBER: 11-0064 "J" (5) |
| PATRICK R. DONAHOE, POSTMASTER GENERAL, | * | JUDGE CARL J. BARBIER |
| UNITED STATES POSTAL SERVICE | * | MAGISTRATE CHASEZ |

\* \* \*

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS

MAY IT PLEASE THE COURT:

In his Motion to Dismiss, defendant Patrick R. Donahoe, Postmaster General, United States Postal Service ("USPS"), urges this Honorable Court to dismiss Plaintiff's suit because her claim of disability discrimination was not timely initiated at the EEO administrative level.  Rec. Doc. 10, Motion to Dismiss.  Plaintiff responds by alleging, without legal support, that the USPS has waived its defense of untimeliness because the issue was not raised at the administrative level.  Rec. Doc. 11, Opposition, at pg. 1.  Further, without legal support, Plaintiff alleges that before initiating the EEO administrative process (contacting a counselor), she must engage in the "required

- 1 -

interactive process unique to disability/accommodation claims" and "the EEO process is delayed until that is completed."  *Id.*, at pg. 2.

> **The USPS has not waived its timeliness defense.**

Plaintiff contends that the USPS is barred from raising the timeliness defense herein because the issue was not addressed at the EEO administrative level.  Rec. Doc. 11, Opposition, at pg. 1.  The law in this circuit is well-settled as to the facts that will trigger such a bar, and those facts are not present in the instant case.

"In order to waive a timeliness objection, the agency must make a specific finding that the claimant's submission was timely."  *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir.1992); *see also Munoz v. Aldridge*, 894 F.2d 1489, 1494-95 (5th Cir.1990) (specific finding of timeliness in the administrative process bars timeliness objection in later civil suit).  Plaintiff has submitted no evidence which demonstrates that at the administrative level there was a specific finding that Plaintiff's administrative complaint was timely filed.  Furthermore, the Fifth Circuit has held that by merely accepting and investigating an administrative claim, the agency does not waive its defense of timeliness at the district court.  *See Henderson v. United States Veterans Admin.*, 790 F.2d 436, 440-41 (5th Cir.1986); *Oaxaca v. Roscoe*, 641 F.2d 386, 390 (5th Cir.1981) (finding that "merely accepting and investigating a tardy complaint" does not waive a timeliness objection).[1]

---

[1]Additionally, if the Court were to accept the line of Fifth Circuit cases holding that the EEO deadlines are jurisdictional, subject matter jurisdiction cannot be waived.  *See Warren v. United States*, 874 F.2d 280, 281-82 (5th Cir.1989) ("subject-matter jurisdiction is not waivable, and the federal courts are under a continuing duty to inquire into the basis of jurisdiction in the district court")

**Plaintiff initiated the EEO process either too late or too soon.**

Attempting to circumvent the fact that more than 45 days transpired between the discrete discriminatory act (on January 26, 2010, moving Plaintiff to Tour 1) and the initiation of the administrative process (on April 1, 2010, contacting the EEO counselor), Plaintiff claims that in a disability case a claimant must first participate in an "interactive process" and that the EEO process is delayed until the interactive process is completed.   Rec. Doc. 11, Opposition, at pg. 2.

However, Plaintiff's premise ignores the fact that during the administrative process the specific issue accepted for investigation was:  "As of January 26, 2010, you were denied reasonable accommodation when your assigned schedule was changed from Tour 2 to Tour 1."  Rec. Doc. 10, Motion to Dismiss, at Exhibit A-3, pg. 1.  Plaintiff's premise also ignores that her formal EEO administrative  complaint, signed by her attorney, clearly indicates that the discriminatory act took place on January 26, 2010.  *Id.*, at Exhibit A-2.  Accordingly, as articulated by Plaintiff with the benefit of counsel, her discrimination claim is based upon the employment action (denial of reasonable accommodation) taken on January 26, 2010.

Assuming *arguendo* that Plaintiff should not have initiated the EEO process until she engaged in the interactive process, Defendant submits that Plaintiff's April 1, 2010, contact with the EEO counselor was premature.  According to Plaintiff's complaint, the" interactive process" failed

on or about May 14, 2010.[2]  Rec. Doc. 1, at ¶ 8. Therefore, Plaintiff's initiation of the EEO process on April 1, 2010, was premature.

The only legal authority cited by Plaintiff to support her novel theory is a Seventh Circuit case, *Beck v. University of Wisconsin Bd. Of Regents*, 75 F.3d 1130 (7th Cir. 1996). Rec. Doc.11, pg. 2, fn.3.  However, *Beck* is not relevant to the instant inquiry.  The issue in *Beck* was whether or not the University provided the plaintiff with reasonable accommodation and which party bears the ultimate responsibility for determining exactly what accommodations are needed.  *Id.*, at 1134.  The Court ultimately found that the plaintiff failed to adequately articulate the accommodations she sought.  *Id.*, at 1137.  Unlike *Beck*, the issue accepted for investigation herein, as articulated by Plaintiff with benefit of counsel, was whether she was discriminated against on the basis of disability when as of January 26, 2010, she was denied reasonable accommodation when her assigned schedule was changed from Tour 2 to Tour 1.  Rec. Doc. 10, Motion to Dismiss, at Exhibit A-3.

Based upon the foregoing and Defendant's motion to dismiss, Defendant respectfully moves for the dismissal of Plaintiff's disability discrimination claim as her claim was not timely exhausted at the administrative level.

Respectfully submitted,

**JIM LETTEN**
**UNITED STATES ATTORNEY**

---

[2]In her judicial complaint, Plaintiff claims that she met with a reasonable accommodation committee on May 17, but was only offered a job search website, retirement, or disability retirement.  Rec. Doc. 1, Complaint, at ¶ 7.

BY:     *s/Sandra Ema Gutierrez*
**SANDRA EMA GUTIERREZ**
**Assistant United States Attorney**
LA Bar #17888
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone:  (504) 680-3000
sandra.gutierrez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the **2nd** day of **August**, **2011**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to:  **John Courtney Wilson, Esq.**

s/*Sandra Ema Gutierrez*
**SANDRA EMA GUTIERREZ**
**Assistant United States Attorney**

- 5 -