```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


THERESA A. SMITH                              CIVIL ACTION

VERSUS                                        NO: 11-64

UNITED STATES POSTAL SERVICE                  SECTION: J (5)
```

### ORDER AND REASONS

Before the Court are Defendant's **Motion to Dismiss (Rec. Doc. 10)**, Plaintiff's **Memorandum in Opposition (Rec. Doc. 11)**, and Defendant's **Reply Memorandum in Support (Rec. Doc. 16)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff worked as a Transportation Network Specialist on Tour 2 at the United States Postal Service ("USPS") when on January 26, 2010, the USPS management issued a notice of reassignment to Tour 1 (10:30 p.m. to 7:00 a.m.). Plaintiff has Type 1 diabetes and alleges that she informed the USPS management that the assignment to Tour 1 would be the most disruptive shift with respect to her need to maintain a regular schedule of eating, sleeping, and setting her insulin pump. Thereafter, Plaintiff met with a reasonable accommodation committee but was not offered her desired accommodation. Plaintiff then contacted the Equal Employment Opportunity Commission ("EEOC") on April 1, 2010, in order to seek administrative remedy and received a Final Agency Decision on December 29, 2010. Plaintiff filed suit against the USPS on January 12, 2011, alleging employment discrimination based upon her disability pursuant to the

Rehabilitation Act, 29 U.S.C. § 720 et. seq., and seeking permanent assignment to Tour 2, damages, and attorneys' fees. The USPS has filed a motion to dismiss Plaintiff's claim, and Plaintiff opposes the motion.

## THE PARTIES' ARGUMENTS

In its Motion to Dismiss (Rec. Doc. 10), the USPS argues that the Court lacks subject-matter jurisdiction over Plaintiff's disability discrimination claim because the claim was not timely initiated on the administrative level with the EEOC. The USPS contends that Plaintiff did not exhaust her administrative remedies because she did not initiate contact with an equal employment opportunity ("EEO") counselor within forty-five days of the effective date of the discriminatory action, as required by federal regulation. Plaintiff opposes the motion and argues that she met the timeliness requirement under federal regulation because she had to participate in an interactive process with the USPS regarding her alleged discrimination before contacting the EEOC, and the EEOC delays the forty-five day notification period until this interactive process is complete. Plaintiff also contends that the Final Agency Decision of the EEOC did not raise timeliness issues, indicating that the USPS is now barred from raising their timeliness defense. The USPS briefly responds to Plaintiff's arguments by stating that her arguments are without legal support. The USPS contends that any timeliness defense has

2

not been waived because the simple acceptance and investigation of an administrative claim by the EEOC does later bar litigation over the issue of timeliness.  Furthermore, the USPS states that Plaintiff's arguments regarding the supposedly mandatory interactive process are irrelevant and only supported by a distinguishable and novel case from the Seventh Circuit Court of Appeals.

## DISCUSSION

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may assert lack of subject-matter jurisdiction as a defense to a claim for relief.  FED. R. CIV. P. 12(b)(1). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).  When determining whether subject-matter jurisdiction exists, the court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

The Rehabilitation Act incorporates Title VII remedies.  See 29 U.S.C. § 794a(a).  Thus, just as in Title VII cases, an employee must exhaust his administrative remedies before bringing

suit against his federal employer.  <u>Fitzgerald v. Secretary, U.S. Dep't of Veterans Affairs</u>, 121 F.3d 203, 206 (5th Cir. 1997). "If a federal employee fails to exhaust his administrative remedies, the district court cannot adjudicate the employee's [Rehabilitation Act] claim."  <u>Id.</u>  Federal regulations require that a federal employee alleging illegal discrimination, such as Plaintiff in this case, must "initiate contact with a[n EEO] Counselor with 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1).  The EEOC "shall" extend this forty-five day time period when the employee shows the following:

> [T]hat he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the [EEOC].

29 C.F.R. § 1614.105(a)(2).

In this case, the alleged discriminatory personnel action occurred on January 26, 2010, when the USPS reassigned Plaintiff from Tour 2 to Tour 1.  Thus, the forty-five day period to initiate contact with an EEO counselor began to run from that date.  Plaintiff made initial contact with an EEO counselor on April 1, 2010, which is more than forty-five days after the January 26, 2010, allegedly discriminatory personnel action.

Furthermore, the EEOC's Final Agency Decision does not state any reasons for extending the forty-five day period pursuant to Section 1614.105(a)(2), and even if the Court were able to extend the forty-five day period, it does not find that Plaintiff has established that she was not notified of the time limit, that she did not know about the allegedly discriminatory personnel action, that she was prevented from contacting an EEO counselor within the time limit, or that other reasons warrant an extension of time.  Finally, the Court does not find that the defense of timeliness has been waived by the Final Agency Decision of the EEOC.  "In order to waive a timeliness objection, the [EEOC] must make a specific finding that the claimant's submission was timely."  Rowe v. Sullivan, 967 F.2d 186, 191 (5th Cir. 1992). In this case, Plaintiff has not submitted any evidence of a specific finding of timeliness at the administrative level, so the defense has not been waived.

Accordingly, **IT IS ORDERED** that Defendant's **Motion to Dismiss (Rec. Doc. 10)** is hereby **GRANTED**.  Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 9th day of August, 2011.

*[signature]*
CARL J. BARBIER
UNITED STATES DISTRICT COURT